# IN THE US DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON COOPER and NATALIE COOPER, h/w<br>609 Fox Hound Way, Apt. 1D<br>Fort Wayne, IN 46804,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDDLE SMITHFIELD TOWNSHIP,<br>individually and d/b/a<br>COUNTRY CLUB OF THE POCONOS<br>AT BIG RIDGE<br>147 Municipal Drive<br>East Stroudsburg, PA 18302,<br><br>Defendant. | CIVIL ACTION – LAW<br>No. _____ |

## Civil Action Complaint

1. Plaintiff, Jason Cooper (hereinafter, "Plaintiff"), is an adult individual who resides at the above referenced address, At all times relevant to this action, Plaintiff is and continues to be a resident of the State of Indiana.

2. Plaintiff, Natalie Cooper, (hereinafter, "Plaintiff Wife"), is an adult individual who resides at the above referenced address. At all times relevant to this action, Plaintiff Wife is and continues to be a resident of the State of Indiana.

3. At all relevant times, Plaintiff, Jason Cooper and Plaintiff, Natalie Cooper (hereinafter, "Plaintiffs") were and continue to be legally married.

4. Defendant, Middle Smithfield Township, individually and d/b/a Country Club of the Poconos at Big Ridge (hereinafter "Defendant Golf Course") is a township of the second class, organized under, existing pursuant to and recognized by the Commonwealth of Pennsylvania, with

a principal place of business located at the above referenced address located in Monroe County, Pennsylvania.

5. Neither of the Plaintiffs is from the same state as the Defendant and the value of the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Therefore, this Court has jurisdiction of this action pursuant to complete diversity of citizenship among the parties under 28 U.S.C. § 1332.

6. At all times relevant hereto, Defendant Golf Course, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, owned, possessed, managed, designed, constructed, maintained, operated and/or controlled a golf course and country club known as Country Club of the Poconos at Big Ridge located at the above referenced address in Monroe County, Pennsylvania, including its golf carts, golf cart paths, golf cart routes, guide ropes, rules and regulations, golf course holes, tees, fairways, greens, roughs, signs, walkways, ground pavings, ground coverings, landscaping, trees, foliage, hills, retaining walls, and buildings (hereinafter, referred to as the "Premises").

7. At all material times hereto, Defendant Golf Course, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendant Golf Course, acted and/or failed to act in the care, custody, control, ownership, possession, management, construction, design, maintenance, and/or operation of the Premises.

8. On or about October 22, 2020, Plaintiff was lawfully upon the Premises as a fee paying golfer.

9. At all times relevant hereto, Plaintiff was a business invitee of Defendant Golf Course, and as such was owed the highest duty of care by Defendant Golf Course.

10. At the aforesaid time and location, Plaintiff, who had just taken his second shot on the Golf Course's first hole, was operating one of Defendant Golf Course's golf carts, with all due caution and care, following the guide rope to move closer to where his golf ball had landed, when suddenly and without warning the golf cart began to fishtail out of control and violently smashed into a tree, resulting in debilitating serious injuries to Plaintiff.

11. Upon information and belief, at all times relevant hereto, the Golf Cart was registered to and owned by Defendant Golf Course.

12. At all times relevant hereto, Plaintiff was operating the Golf Cart with Defendant Golf Course's express permission.

13. At the aforesaid time and location, Defendant Golf Course had a "90 degree rule" in effect, mandating that golfers, in the position of Plaintiff, only operate golf carts at a 90 degree angle between the cart path and the fairway.

14. At the aforesaid time and location, Defendant Golf Course had installed guide ropes, including the above referenced guide rope which Plaintiff followed, to restrict the routes upon which golfers in the position of Plaintiff could operate golf carts.

15. At the aforesaid time and location, the golf cart route Defendant Golf Course mandated by implementing the 90 degree rule and the installation of guide ropes, was down a steep embankment, covered with wet leaves and slick stone, and led directly to a wooded knoll.

16. Prior to October 20, 2020, Defendant Golf Course, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of such relationships, managed, designed, constructed, maintained, installed, inspected, and controlled the aforesaid designated golf cart route.

17. At all times relevant hereto, the aforesaid designated golf cart route together with its aforesaid characteristics and leaf covered conditions constituted an unreasonable hazard of the Premises.

18. At all times relevant hereto, the unreasonably hazardous designated golf cart route with its aforesaid characteristics and leaf covered conditions, were not readily detectable by golfers in the position of Plaintiff.

19. Upon information and belief, at all times relevant, the unreasonably hazardous designated golf cart route, with its aforesaid characteristics and leaf covered conditions, was managed, designed, constructed, maintained, installed, inspected, and controlled by Defendant Golf Course, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their respective relationships with Defendant Golf Course.

20. At the time of aforesaid crash (hereinafter, the "Crash"), and for a long and/or excessive time prior thereto, Defendant Golf Course, directly and/or by and through its agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendant Golf Course, negligently and carelessly managed, designed, constructed, maintained, installed, inspected, and controlled the Premises so as to create and/or allow the unreasonably hazardous designated golf cart route, with its aforesaid characteristics and leaf covered conditions.

21. At the aforesaid time and place, the designated golf cart route, with its aforesaid characteristics and leaf covered conditions, was an unreasonably dangerous condition of the Premises, directly caused by Defendant Golf Course's negligence and carelessness.

22. The unreasonably hazardous designated golf cart route, with its aforesaid characteristics and leaf covered conditions, constituted a reasonably foreseeable risk of harm for golfers in the position of Plaintiff.

23. Defendant Golf Course had actual and/or constructive notice of the existence of the unreasonably hazardous designated golf cart route, with its aforesaid characteristics and leaf covered conditions, for a sufficient time prior to Plaintiff's Crash to have taken measures to correct it and/or to properly warn golfers in the position of Plaintiff.

24. At no time relevant to the Crash was there any warning or notice to golfers in the position of Plaintiff of the existence of the unreasonably hazardous designated golf cart route with its aforesaid characteristics and leaf covered conditions.

25. As a direct and proximate result of Crash, Plaintiff has suffered and may in the future continue to suffer severe, permanent, and debilitating personal injuries.

26. The Crash was caused directly and proximately as a result of Defendant Golf Course's negligent and careless care, custody or control of the Premises in the possession of Defendant Golf Course, as set forth more fully herein.

27. As a direct and proximate result of Defendant Golf Course's negligence and carelessness, and the aforesaid Crash, Plaintiff has suffered and may in the future continue to suffer: bodily injuries including a radial fracture of his right wrist, medial collateral and anterior cruciate ligament tears to his right knee; severe pain; anxiety, depression, emotional and mental distress; humiliation and embarrassment; and/or loss of pleasures and enjoyment of life, and one or more serious and permanent impairments of bodily functions.

28. As a direct and proximate result of Defendant Golf Course's negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has undergone and

may in the future undergo various reasonable and necessary medical treatments, including open reduction, internal fixation of his fracture and multiple surgeries.

29. As a direct and proximate result of Defendant Golf Course's negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or may in the future be required to spend money for medical treatment in an effort to treat and cure himself of the injuries he sustained.

30. As a direct and proximate result of Defendant Golf Course's negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been and may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, hobbies and/or avocations.

31. As a direct and proximate result of Defendant Golf Course's negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be required to spend money for household help.

32. As a direct and proximate result of Defendant Golf Course's negligence and carelessness, the aforesaid Crash, and Plaintiff's resulting injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earnings and/or an impairment of his earning capacity.

33. At all times relevant hereto, Plaintiff was exercising due care and caution for his safety and in no manner contributed to the Crash or his resulting injuries.

**Count I - Negligence**
**Jason Cooper v. Middle Smithfield Township, individually and**
**d/b/a Country Club of the Poconos at Big Ridge**

34. Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

35. The negligence and carelessness of Defendant Golf Course included:

   a. creating a hazardous condition about which it knew or should have known;

   b. permitting the hazardous condition to exist for an excessive period of time:

   c. failing to regularly and/or properly inspect the Premises for such hazardous conditions;

   d. failing to warn golfers in the position of Plaintiff of the hazardous conditions;

   e. failing to take reasonable measures under the circumstances to protect in the position of Plaintiff from a foreseeable risk of injury;

   f. failing to protect Plaintiff against the hazardous designated golf cart route with its aforesaid characteristics and leaf covered conditions when Defendant Golf Course knew and/or should have known of the unreasonably risk to golfers in the position of Plaintiff;

   g. failing to properly maintain the Premises such that a hazardous condition were created and remained for an unreasonable period of time when it posed a foreseeable risk to golfers in the position of Plaintiff;

   h. failing to properly remediate the hazardous designated golf cart route with its aforesaid characteristics and leaf covered conditions;

   i. violating Defendant Golf Course's own safety requirements with regard to inspection, and/or maintenance of the Premises, including its designated golf cart routes;

   j. hiring, contracting, supervising, training and/or controlling Defendant Golf Course's agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors for the care, custody and control of the Premises who were not qualified to do so in a safe and adequate manner;

   k. supervising, training, and/or controlling said Defendant Golf Course's agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or completing of the care, custody and control of the Premises, in a reasonably safe and prudent manner;

    l. failing to properly inspect the condition of the Premises to ensure that they were managed, designed, constructed, maintained, installed, inspected, and controlled; and

    m. failing to ensure that the Premises in the care, custody and control of Defendant Golf Course, including its designated golf cart routes, were safe for the activities for which they were regularly used and intended to be used.

36. Defendant Golf Course's aforesaid negligent care, custody and control of the Premises caused the Premises to be unsafe for the activities for which they were regularly used and falls within the real estate exception to Pennsylvania's Political Subdivisions Tort Claims Act, 42 Pa.C.S.A. §8542(b)(3).

**WHEREFORE,** Plaintiff, Jason Cooper, demands judgment in his favor and against Defendant Golf Course, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs and with such further relief as this Court may deem appropriate.

**Count II -Loss of Consortium**
**Natalie Cooper v. v. Middle Smithfield Township, individually and**
**d/b/a Country Club of the Poconos at Big Ridge**

34. Plaintiff Wife incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

35. As a direct and proximate result of the negligence and carelessness of the Defendant Golf Course, and Plaintiff's resulting injuries, Plaintiff Wife suffered and may in the future suffer the loss of aid, assistance, and comfort of her spouse.

36. As a direct and proximate result of the negligence and carelessness of Defendant Golf Course, and Plaintiff's resulting injuries, Plaintiff Wife has expended and may in the future expend specific time, care and/or treatment to her spouse.

**WHEREFORE,** Plaintiff, Natalie Cooper, demands judgment in her favor and against Defendant Golf Course, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs and with such further relief as this Court may deem appropriate.

                        OSTROFF LAW, PC
                        Attorneys for Plaintiffs

Date: 01/12/2022　　　　　　　　By:  /s/Ryan F. Michaleski
                                         Ryan F. Michaleski, Esquire
                                         Attorney No. 203923
                                         518 E. Township Line Road, Suite 100
                                         Blue Bell, PA 19422
                                         610-279-7000

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor=s knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
BELINDA SUTTON
Plaintiff

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor=s knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
FREDCISCO SUTTON
Plaintiff